UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LENWOOD SUTTERS,

        Plaintiff,

v.

        Case Number 14-13567
        Honorable David M. Lawson
        Magistrate Judge Anthony P. Patti

U.S. BANK, N.A., and
NATIONSTAR MORTGAGE, L.L.C.,

        Defendants.

_____/

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATIONS, OVERRULING PLAINTIFF'S OBJECTIONS, GRANTING MOTION TO DISMISS, AND DISMISSING COMPLAINT WITH PREJUDICE**

In this case, plaintiff Lenwood Sutters disputes the defendants' right to foreclose the mortgage on his Flint, Michigan residence. He filed a complaint *pro se* alleging violations of the Fair Debt Collection Practices Act (FDCPA) and the Real Estate Settlement Procedures Act (RESPA), and he contends that the chain of assignments of his mortgage is invalid because they were achieved in violation of the terms of a trust pooling and service agreement, by which the mortgage was securitized. The Court referred this case to Magistrate Judge Anthony P. Patti for pretrial management. Thereafter, the defendants filed a motion to dismiss. Judge Patti filed a report on April 30, 2015 recommending that the motion be granted. The plaintiff filed timely objections, and the matter is before the Court for *de novo* review. After considering the motion, the pleadings, and the magistrate judge's report in light of the objections filed, the Court finds that the magistrate correctly determined the issues. Therefore, the Court will adopt the report and recommendation, and dismiss the case.

I.

The facts of the case, as discussed by the magistrate judge, are taken from the complaint and the motions papers. It appears that the plaintiff and his wife borrowed money from First Franklin Financial Group on June 1, 2007. On that same day, the Sutterses granted a mortgage to Mortgage Electronic Registration Systems (MERS) as security for the loan. MERS assigned the mortgage to U.S. Bank on August 24, 2011, and then on July 12, 2013, Nationstar Mortgage sent Mr. Sutters a letter stating that Bank of America had transferred the mortgage servicing to Nationstar as of July 1, 2013. Three weeks later, Bank of America assigned the mortgage to Nationstar. The obvious disconnect was rectified in July 2014 when corporate assignments were recorded to reflect the assignment of the mortgage from U.S. Bank to Bank of America.

On April 28, 2014, Mr. Sutters sent a document to Nationstar titled "R.E.S.P.A. QUALIFIED WRITTEN REQUEST" (QWR). The plaintiff's complaint characterizes the letter as a demand for an audit history of the loan payments, an itemized statement of the charges to his account, and an itemized statement of his escrow account. However, the letter itself, which is an exhibit to the complaint, states:

> Please treat this letter as a "qualified written request" under the Federal Servicer Act, which is a part of the Real Estate Settlement Procedures Act, 12 U.S.C. 2605(e).
>
> I am disputing the accuracy of the current owed balance of my mortgage loan account. Specifically, there are discrepancies as to how my mortgage loan account is being serviced and how credits for money that I have paid have been applied to my mortgage loan account.
>
> Additionally, I am disputing (a) the identity of a true secured lender/creditor, and (b) the existence of debt, and (c) your authority and capacity to collect on behalf of the alleged lender/creditor. Because of extensive criminal activity and fraud in this arena, I am require [*sic*] proof of the chain of secured ownership from the original alleged lender/creditor to the alleged current lender/creditor. Further, I require proof

> that you are the entity that has been contracted to work on behalf of the alleged lender/creditor.
>
> Pursuant to "Subtitle E Mortgage Servicing" of the Dodd-Frank Wall Street Reform and Consumer Protection Act and pursuant to 12 U.S.C. Section 2605(e)(1)(A) and Reg. X Section 3500.21(e)(1), please provide:
>
> 1. A full, double sided, certified "true and accurate" copy of the original promissory note and security instrument and all assignments of the security instrument.
>
> 2. Full name, address and telephone number of the actual entity that funded the transaction."

Compl. attachment.

Nationstar did not respond to the request. On August 18, 2014, Nationstar assigned the mortgage to U.S. Bank. The plaintiff does not allege in the complaint that he defaulted on his loan payments, although that fact appears uncontested. The plaintiff does state that he was notified by an attorney on behalf of U.S. Bank on September 5, 2014 that foreclosure proceedings would be instituted. He filed the present lawsuit ten days later.

The magistrate judge read the complaint to allege the following claims: (1) assignment in contravention of trust; (2) request for preliminary injunctive relief; (3) violation of the Fair Debt Collection Practices Act (FDCPA); and (4) violation of section 2605(e) of the Real Estate Procedures Settlement Act (RESPA). He concluded that the various assignments were not void from the beginning but merely voidable, and that the plaintiff did not have standing to contest them; injunctive relief should not be granted because the plaintiff failed to demonstrate a likelihood of success on the merits; the defendants are not "debt collectors" within the meaning of the FDCPA, and therefore they cannot be held accountable for violations of the Act; and the plaintiff's letter to

Nationstar did not amount to a proper QWR, and therefore it did not trigger an obligation under RESPA to respond, so no violation occurred. He recommended that the complaint be dismissed for failure to state any viable claims. As noted above, the plaintiff filed timely objections to the report and recommendation.

II.

The filing of timely objections to a report and recommendation requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Court has reviewed the pleadings, the reports and recommendations, and the plaintiff's and defendant's objections and has made a *de novo* review of the record in light of the parties' submissions.

### A. Assignments of the mortgage

The plaintiff insists that the mortgage was assigned to a trust in violation of the pooling and service agreement because the assignments occurred after the trust closing date. He reasons that because the assignments are all nullities, defendant U.S. Bank does not have a valid assignment upon which it could foreclose on his home. He objects to the magistrate judge's determination that the assignments are valid and not void *ab initio*; and he argues that *Carmack v. Bank of New York Mellon*, 534 F. App'x 508, 512 (6th Cir. 2013), allows borrowers to challenge the validity of the mortgage assignments in certain situations.

However, as *Carmack* explains, the right of a non-party to an assignment to attack its validity is limited. It is usually confined to circumstances "where the borrower has a valid claim that he will face double liability." *Carmack*, 534 F. App'x at 512. There are no allegations in the complaint that suggest that possibility.

Under Michigan law, a person or entity seeking to foreclose a mortgage must be "either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage." Mich. Comp. Laws § 600.3204(1)(d). The plaintiff argues that neither U.S. Bank nor Nationstar enjoy any of those positions because the assignments are void. And he points out that the Sixth Circuit clarified that in some circumstances, "a non-party homeowner may challenge the validity of an assignment to establish the assignee's lack of title, among other defects." *Slorp v. Lerner, Sampson & Rothfuss*, 587 F. App'x 249, 255 (6th Cir. 2014)

(citing *Livonia Properties Holdings, LLC v. 12840–12976 Farmington Road Holdings, LLC*, 399 F. App'x 97, 102 (6th Cir. 2010). But under Michigan law, an entity's ability to foreclose as an owner or servicer of the mortgage is established by the record chain of title. Mich. Comp. Laws § 600.3204(3) ("If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title must exist before the date of sale under section 32161 evidencing the assignment of the mortgage to the party foreclosing the mortgage."). The plaintiff's complaint amply demonstrates that U.S. Bank held the assignment at the end of the chain. That is not to say that the chain of title cannot be subject to challenge. As this Court has observed in a prior decision, "*Livonia Properties* does not foreclose a challenge to compliance with the statute based on an argument that because an assignment was invalid (for example, because it was a forgery), the purported mortgage-holder did not actually hold the mortgage and therefore was not entitled to foreclose." *Talton v. BAC Home Loans Servicing LP*, 839 F. Supp. 2d 896, 907 (E.D. Mich. 2012). However, the plaintiff has not alleged that any of the assignments were forged. He alleges instead that they were made in violation of an agreement to which he was neither a party nor an intended beneficiary.

The Michigan courts have held that a flaw in the assignment process of that nature renders the assignments voidable, not void *ab initio*. *Conlin v. Mortgage Elec. Registration Sys., Inc.*, 714 F.3d 355, 361 (6th Cir. 2013) (citing *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 825 N.W.2d 329 (2012)). The plaintiff here is not in a position to challenge the validity of the assignment here because he was not a party to that contract or an intended beneficiary of it. *Slorp*, 587 F. App'x at 254 (distinguishing Article III standing from state law "standing" under the law of contracts, explaining that "[a] person who is neither a party to the contract nor in privity with the

parties, and who is not a third-party beneficiary of the contract, is said to lack 'standing' to enforce the contract's terms and to challenge its validity"). Moreover, the plaintiff has not alleged facts in his complaint to support the conclusion that any of the assignments are void, so as to undermine the record chain of title, which establishes the defendants' right to foreclose by advertisement. *See Moss v. Wells Fargo Bank, N.A.*, No. 11-13429, 2013 WL 8179714, at *7 (E.D. Mich. Jan. 22, 2013).

The plaintiff's first objection will be overruled.

B.

The plaintiff next objects to the magistrate judge's conclusion that he is not entitled to injunctive relief because he has not established a likelihood of success on the merits. The plaintiff believes the Court should look beyond the likelihood of success and balance the remaining three factors. However, the Court "is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe, MI*, 341 F. 3d 474, 476 (6th Cir. 2003). Moreover, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Donaldson v. United States*, 86 F. App'x 902, 903 (6th Cir. 2004) (quoting *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000)).

The magistrate judge correctly concluded that the first factor, the likelihood of success on the merits, is dispositive here. Because the plaintiff has not stated a valid legal claim upon which relief may be granted in any of his pleadings, he has not established that he is likely to succeed on the merits, and therefore there is no basis to enjoin the apparently-contemplated foreclosure. *Tann v. Chase Home Fin., L.L.C.*, No. 10-14696, 2011 WL 3799841, at *10 (E.D. Mich. Aug. 26, 2011).

There is no basis for this Court to grant the plaintiff a preliminary injunction, and the plaintiff's second objection will be overruled.

C.

The plaintiff objects to the magistrate judge's conclusions that the complaint fails to state a claim under the Fair Debt Collection Practices Act because the defendants are not debt collectors and the complaint does not allege that they engaged in any prohibited practices.

On the first point, the plaintiff's objection is meritless, because the facts pleaded in his complaint (as opposed to his legal conclusions) do not show that the defendants fit the definition of "debt collector." Congress enacted the FDCPA to prevent debt collectors from engaging in abusive and harmful debt collection practices by debt collectors. *See* 15 U.S.C. § 1692(e). A debt collector, as defined by the statute, is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted *to be owed or due another*." *Id.* § 1692a(6) (emphasis added). On the other hand, a creditor, according to the FDCPA "means any person who offers or extends credit creating a debt or to whom a debt is owed." *Id.* § 1692a(4). The FDCPA explicitly does not apply to "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor," *id.* § 1692a(6)(A), or "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." *Id.* § 1692a(6)(F)(iii).

It is well-settled in the courts that "a creditor is not a debt collector for the purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts." *MacDermid*

*v. Discover Fin. Servs.*, 488 F.3d 721, 735 (6th Cir. 2007) (quoting *Stafford v. Cross Cnty. Bank*, 262 F. Supp. 2d 776, 794 (W.D. Ky. 2003)). Furthermore, "the legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors . . . or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 107 (6th Cir. 1996) (quoting *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)).

A mortgage servicing company may or may not be subject to the FDCPA, depending upon the status of the debt at the time the assignment is made. *See Perry*, 756 F.2d at 1208 (holding a mortgage servicer is not a debt collector as long as the debt was not in default at the time it was assigned); *Wadlington*, 76 F.3d at 106 (citing *Perry* approvingly). Creditors and mortgage servicing companies that fall within either definition noted above are not subject to the FDCPA. *MacDermid*, 488 F.3d at 735; *Wadlington*, 76 F.3d at 106.

As the magistrate judge correctly observed, the plaintiff's pleadings indicate that he defaulted on the mortgage at some point after 2013. The plaintiff alleged Nationstar is responsible for his default and Nationstar was assigned the mortgage in 2013. The plaintiff concedes in his objections that U.S. Bank became the plaintiff's creditor via assignment in 2011. The mortgage could not have been in default in 2011 when it was assigned to U.S. Bank, the party whom the plaintiff claims acted as a debt collector in violation of the FDCPA. The complaint does not, and could not plausibly, state that the defendants acted as debt collectors, and therefore U.S. Bank can not be found to have violated the FDCPA.

The plaintiff's second point is equally flawed. The prohibited conduct cited by the plaintiff is that U.S. Bank "threatened [him] with foreclosure and then initiated foreclosure proceedings

without having possession of the mortgage and underlying note by virtue of a valid assignment." However, as noted above, the premise of the plaintiff's claim has not been established by the pleaded facts. The objection will be overruled.

D.

Last, the plaintiff objects to the magistrate judge's recommendation to dismiss his claim under the Real Estate Settlement Procedures Act. The magistrate judge concluded that the plaintiff's April 28, 2014 letter did not amount to a qualified written request (QWR) under the Act and therefore did not trigger an obligation for either of the defendants to respond. The plaintiff does not attack that conclusion specifically; in his objections he states generally that his complaint states a claim under RESPA.

The magistrate judge thoroughly discussed the disconnect between the plaintiff's description of his letter as stated in the complaint, and the actual letter itself. Because the letter was attached to the pleading, it was properly considered.

RESPA authorizes a borrower of a federally related mortgage loan to submit a qualified written request (QWR) to a lender seeking correction of an account believed to be in error or requesting specific information pertaining to the servicing of a loan. 12 U.S.C. § 2605(e)(1). Upon receipt of the QWR, the lender must acknowledge the borrower's request within twenty days and substantively respond to the inquiry within sixty days by providing the information requested or an explanation why the information is unavailable. *Id.* § 2605(e)(1)(A), (e)(2). Alternatively, the lender may "make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction." *Id.* § 2605(e)(2)(A).

But as the magistrate judge explained, the plaintiff's letter does not satisfy the definition of a QWR in 12 U.S.C. § 2605(e)(1)(B) because the letter does not state why he believes his account balance is erroneous. The plaintiff merely states that he is "disputing the accuracy of the current owed balance of [his] mortgage loan account" and that there are "discrepancies" as to how his account is being serviced. A letter that "merely makes vague accusations . . . without identifying the alleged [servicing] errors" does not qualify as a QWR. *Drew v. Kemp-Brooks*, 802 F. Supp. 2d 889, 898 (E.D. Mich. 2011).

It is true that the plaintiff did ask for information about the servicing of his loan when he wrote that he was "disputing (a) the identity of a true secured lender/creditor, and (b) the existence of debt, and (c) [Nationstar's] authority and capacity to collect on behalf of the alleged lender/creditor." *See* 12 U.S.C. § 2605(i)(3). But even if that feature of the letter triggered an obligation to respond, the plaintiff has not adequately pleaded any damages stemming from Nationstar's alleged failure to respond to the plaintiff's letter. *See Drew*, 802 F. Supp. 2d at 898 (stating that "even if Plaintiff's letters were QWRs and [the mortgagee] failed to respond to them, Plaintiff does not allege that he sustained any actual damages as a result of the alleged failure. Plaintiff's bare allegation that [the mortgagee] did not respond, without any factual support or allegations of damages, is not sufficient to state a RESPA claim.").

The magistrate judge correctly concluded that the complaint does not state a viable claim under RESPA. The objection will be overruled.

III.

After fresh review of the motion and response, the report and recommendation, and the plaintiff's objections, the Court concludes that the magistrate judge correctly applied the relevant law to the facts established by the record.

Accordingly, it is **ORDERED** that the plaintiff's objections to the report and recommendation [dkt. #18] are **OVERRULED**, and the magistrate judge's report and recommendation [dkt. #16] is **ADOPTED**.

It is further **ORDERED** that defendants' motion to dismiss [dkt. #6] is **GRANTED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 8, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 8, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI